IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

COREY B. MINCEY,

    Plaintiff,

vs.

CO II SCOTT AMMONS;
Capt. KENNETH SUMMERS;
Warden CALVIN MORTON, and
CORNELL CORRECTIONS OF
GEORGIA, L.P.,

    Defendants.

CIVIL ACTION NO.: CV505-043

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Phillips State Prison in Buford, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while at D. Ray James Prison in Folkston, Georgia. Defendants Summers and Morton ("Movants") filed a Motion for Summary Judgment and an Amended Motion for Summary Judgment, and Plaintiff filed a Response. For the following reasons, Movants' Motion for Summary Judgment, as amended, should be **DENIED**.

### STATEMENT OF THE CASE

Plaintiff contends that on June 20, 2004, he went to the medical unit at D. Ray James Prison to receive an insulin shot. He asserts that after using the visitation bathroom, Defendant Summers and other officers stopped him and asked to conduct a strip search. Plaintiff asserts that because he was suffering from "diabetic complications, including low blood sugar," he became afraid of the officers. Plaintiff asserts that he

attempted to run away, but was apprehended by the officers. Plaintiff alleges that, while restrained, he was beaten by Defendant Ammons and that Defendant Summers observed this beating without intervening to help him.

Movants assert that no assault upon Plaintiff ever occurred and that any force applied by officers was reasonable in response to Plaintiff's "aggressive resistance to getting caught with drugs." (Doc. No. 31, p. 5).[1] Movants further contend that Plaintiff's claims against them are based solely on a theory of respondeat superior, and that there is no causal connection between their conduct and the alleged constitutional deprivation about which Plaintiff complains. Conversely, Plaintiff asserts that he was assaulted by Defendant Ammons and that Defendant Summers stood by and did nothing to intervene. Plaintiff also alleges that unlawful beatings and abuse of restrained inmates are a pattern and practice at D. Ray James Prison, and thus Defendant Morton must be held liable in his supervisory capacity.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a

---

[1] Although Movants deny that an assault by Defendant Ammons ever took place and allege that the force applied to Plaintiff was reasonable under the circumstances, they acknowledge that in ruling on this Motion for Summary Judgment, the Court must draw all reasonable inferences in Plaintiff's favor. Accordingly, Movants do not move for summary judgment on the issue of whether excessive force was applied by Defendant Ammons.

2

rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Movants present three distinct issues. First, Movants contend that Plaintiff's claim against Defendant Summers is based solely upon his supervisory position, and that Defendant Summers cannot be held personally liable for any deliberate indifference on a failure to intervene theory. (Doc. No. 31, pp. 7-8). Second, Movants allege that Plaintiff's

claim against Defendant Morton is also based solely upon his supervisory position, and that contrary to Plaintiff's claims, there exists no causal connection between Defendant Morton and the alleged unconstitutional action of his subordinate. (Doc. No. 31, p. 9). Finally, Movants assert that they were not in any way deliberately indifferent to Plaintiff's serious medical needs during this incident. (Doc. No. 31, pp. 8-9).

I.  **Plaintiff's Allegation That Defendant Summers Failed to Intervene**

"It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983." Fundiller v. City of Cooper City, 777 F.2d 1436, 1441 (11th Cir. 1985). Rather, "if a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986). Importantly, the Eleventh Circuit has explained that "in order for an officer to be liable for failing to stop police brutality, the officer must be 'in a position to intervene.' " Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998).

Plaintiff generally contends that Defendant Summers failed to intervene during Defendant Ammons' alleged use of excessive force and failed to order Ammons to discontinue the use of excessive force. In his Amended Complaint, Plaintiff contends that while Defendant Ammons beat him, he "screamed repeatedly for Defendant Summers," but that "Defendant Summers did not say a single word to stop Defendant Amos [sic] from his brutal beating against the diabetic and helpless Plaintiff." (Doc. No. 20, p. 5). In his Response to Movants' Motion for Summary Judgment, Plaintiff further contends that Defendant Summers "watched the Plaintiff being beaten without stopping" the beating.

AO 72A
(Rev. 8/82)

(Doc. No. 37, p. 2). Plaintiff offers his deposition testimony as evidence that Defendant Summers failed to intervene during the alleged abuse. (Id.).

Movants contend that on the facts of this case, liability for failure to intervene cannot be established against Defendant Summers. Specifically, Movants contend that Defendant Summers did not actively encourage the alleged assault, nor could he have done anything to stop the alleged assault under the circumstances. (Doc. No. 31, p. 7). Movants assert that given that the entire alleged assault by Defendant Ammons lasted mere seconds, "there was simply not enough time under the circumstances" for Defendant Summers to form a sufficiently culpable state of mind that a substantial risk of harm existed for Plaintiff. (Doc. No. 31, p. 8).

Movants are entitled to summary judgment with regard to Defendant Summers' liability if they show that Plaintiff failed to present substantial evidence that would allow a reasonable jury to find that Summers had the opportunity to intervene in Ammons' alleged excessive use of force but failed to do so. Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000) (denying summary judgment where dispute existed as to duration of assault). Although Defendants point the Court to no authority indicating that if an officer does not have time to intervene, the officer will not be held liable for actions of another officer, the Court is aware of such authority from this and other circuits. See Priester, 208 F.3d at 294 (holding that liability can only exist where officer had the "opportunity to intervene"); Gaudreault v. Mun. of Salem, Mass., 923 F.2d 203, 207 n.3 (1st Cir. 1990) ("[a] police officer cannot be held liable for failing to intercede if he has no 'realistic opportunity' to prevent an attack."); O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2nd Cir. 1988) (finding that

5

"three blows were struck in such rapid succession that [the officer] had no realistic opportunity to attempt to prevent them.").

There is evidence before this Court indicating that a reasonable jury could find that Defendant Summers had a "realistic opportunity to intervene" in the alleged assault by Defendant Ammons. Plaintiff's deposition testimony is that Defendant Ammons hit him "five or six times," all on the right side of his face. (Doc. No. 33, pp. 78, 88). Plaintiff was questioned by defense counsel as to the duration of the alleged assault:

> Q: Well how long – I mean, you said that Ammons hit you for five or six times, right?
> A: Yes, sir.
> Q: Couldn't have taken that long. I mean, how long did it take him to hit you five or six times, as you allege?
> A: It was quick, sir.
> Q: Well, what's quick? Less than five seconds?
> A: Yeah, probably about that.
> Q: An then it was over, correct?
> A: Yeah. They picked me up off the floor.
> Q: So it took Ammons about five seconds to accomplish his blows against you, correct?
> A: Yes.

(Doc. No. 33, p. 88). At this point during the deposition, Plaintiff's attorney objects to the form of defense counsel's question, claiming that counsel "mischaracterize[d] it [as] five seconds." (Doc. No. 33, pp. 88-89). After counsel's objection was noted, Plaintiff went on to testify again that the alleged assault happened very quickly, "just some quick blows in my face," and that it was correct to say that the blows took Defendant Ammons "a matter of seconds." (Doc. No. 33, pp. 89-90). However, Plaintiff later goes on to testify that Defendant Summers, even within that span of seconds, had the opportunity to stop Defendant Ammons from striking Plaintiff, and that Defendant Summers did have time to

AO 72A
(Rev. 8/82)

react, as he was allegedly standing beside them watching the assault take place. (Doc. No. 33, p. 92).

While Defendants allege that there was no opportunity for Defendant Summers to intervene, Plaintiff contends that the allegedly excessive force went on for a sufficiently long period of time, and that Defendant Summers was standing in control of the situation, such that he could have and should have intervened. A genuine dispute of material fact exists as to whether Defendant had the opportunity to intervene.

## II.    Plaintiff's Allegation That Defendant Morton Is Liable as a Supervisor

In establishing liability under 42 U.S.C. § 1983, a supervisor may not be held liable for the unconstitutional actions of their subordinates based solely on a theory of respondeat superior. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Rather, supervisors may only be held liable where either (1) the supervisor personally participates in the alleged unconstitutional action, or (2) there is a causal connection between the actions of the supervisor and the alleged unconstitutional action. Id. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Id. (citation omitted). Additionally, a causal connection may be found "where the supervisory's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.' " Id. (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (citation omitted)).

7

Here, Defendant Morton did not personally participate in the alleged assault by Defendant Ammons. Movants contend that Defendant Morton was not aware of any history of widespread abuse that should have put him on notice of the need to correct such violations. Movants offer as evidence the affidavit of Defendant Morton, wherein Morton states that he was "without question, unaware of any history of widespread abuse of our prisoners' rights which would have put me on notice that steps needed to be taken, in my supervisory role as the Warden, to correct such violations." (Movs.' Ex. C). However, Plaintiff contends that the excessive use of force upon inmates is a pattern and practice at D. Ray James Prison. Plaintiff offers the affidavits of inmates Neil Williams and Vernon C. Williams, who both claim to have been victims of inmate abuse, as evidence of this pattern and practice. (Doc. No. 37, pp. 2-3, Pl.'s Ex. A, Pl.'s Ex. B).

The conflicting documents submitted by the parties are enough to create a genuine issue of material fact as to whether a causal connection exists between the actions or inactions of Defendant Morton and the alleged excessive use of force incident that Plaintiff contends he was subjected to at the hands of prison officials. Accordingly, Movants are not entitled to summary judgment on this issue.

### III. Plaintiff's Deliberate Indifference to Serious Medical Needs Claim

Movants also assert that Plaintiff's medical needs, including his diabetic symptoms, were adequately attended to and that any claim to the contrary has no basis in fact. (Doc. No. 31, pp. 8-9). Movants mention this argument apparently in anticipation of the possibility that Plaintiff has stated an Eighth Amendment "deliberate indifference to serious medical needs" claim. See Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.

8

AO 72A
(Rev. 8/82)

Ed. 2d 251 (1976). Upon review of Plaintiff's Complaint and his Amended Complaint, Plaintiff does arguably state a claim based on an alleged failure regarding medical care he received at D. Ray James Prison.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), is whether the prison officials exhibit a deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed.2d 820 (1994).

Movants assert that the "immediate medical needs of Plaintiff Mincey, including his diabetic condition, were adequately attended to." (Doc. No. 31, pp. 8-9). Movants cite the affidavit of registered nurse Jennifer Gunther, who conducted a Use of Force Assessment on Plaintiff after the incident in question. (Movs.' Ex. B). In her affidavit, Nurse Gunther claims that she took and recorded Plaintiff's blood sugar, and offered insulin to Plaintiff during his exam, which he allegedly refused. (Id.). She also asserts that she advised Plaintiff of the adverse consequences of refusing insulin, and instructed him to report any changes and to eat his dinner that night. (Id.). Plaintiff, on the other hand, testified during his deposition that his blood sugar was much lower than the nurse recorded following the incident, and that in fact, the nurse never tested his blood sugar. (Doc. No. 33, pp. 103-104). Plaintiff further testified that he did not refuse his insulin, and that he was never advised of any consequences regarding refusal of insulin, but rather was never offered

9

insulin at all. (Doc. No. 33, p. 106). Furthermore, part of Plaintiff's claim appears to be that Defendants were deliberately indifferent to his serious medical needs in that they prevented him from receiving his diabetes treatment and instead subjected him to excessive force that caused him further injury. Movants offer no evidence or argument which would entitled them to summary judgment on this point.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment, as amended, filed by Defendants Summers and Morton be **DENIED**.

So **REPORTED AND RECOMMENDED**, this 6th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)